Shaw, C. J.
This case presents a question somewhat novel and interesting. The suit is for the recovery of land, in usual form, in the name of the plaintiff, by her next friend. The *507 plaintiff now comes into court by her petition or written motion, signed by herself in proper person, and prays that the suit may be discontinued, and all further proceedings thereon stayed. Upon a suggestion by the court, that it would be proper to appoint some person as a commissioner to inquire and report the facts, it was conceded by counsel, acting upon the application of the next friend, in prosecuting this suit, that the plaintiff is over twenty years of age, and that the suit was commenced and is prosecuted without her authority and against her consent.
A prochein ami or next friend is said to be “ any person who will undertake the infant’s cause.” 1 Bl. Com. 464. It is not limited to any particular relative designated by being nearest of kin. It seems to be clear, on general principles, that there must be an authority somewhere, to allow or prohibit a suit to be brought in the name of a minor, by any person assuming to be his next friend; otherwise, the rights of the minor might be put at hazard, inasmuch as he will be bound by the judgment. But in theory of law, we think a prochefn ami is appointed by the court. It is stated in Miles v. Boyden, 3 Pick. 219, that this practice of a minor suing by prochein ami commenced with St. West. 1, c. 48, enlarged by St. West. 2, c. 15; and this is confirmed by other authorities. And it appears that originally the practice was, for the person intended to act as prochein ami, who is usually some near relative, to go with the infant before a judge at chambers, or for a petition to be presented in behalf of the infant, stating the nature of the action, praying that, in respect of his infancy, the person intended may be assigned as his prochein ami. This was accompanied with an affidavit, on which the judge granted his fiat, and on this a rule was drawn up by the clerk of the rules, admitting the person designated to sue as the prochein ami of the infant. Tidd’s Pract. (1st Amer. ed.) 69; Com. Dig. Pleader, 2 C. 1.
In one case, error being brought to reverse a judgment, because no such previous order was shown, the court above refused to reverse, because the recital in the writ, stating that the infant was prosecuting by his next Mend allowed for that *508 purpose, should be taken as conclusive that an order had been made. Archer v. Frowde, 1 Stra. 304.
The probability is, that like many other such requisites, the practice of obtaining such previous order, from inconvenience, fell into disuse; probably in the confidence that the authority would not be called in question, or, if called in question, could be supplied, when all was right and well intended, by an order nunc pro tunc; and if the defendant appeared and pleaded, it would be too late then to question the authority of the prochein ami. It was put on the footing, in this respect, of a power of attorney, which is always presumed to exist, and which cannot be questioned unless seasonably challenged, and may then be supplied.
Such seems to have been the view taken by this court at an early day, by a rule requiring a prochein ami permitted to prosecute, &c., to give bond. Parsons v. Jones, 9 Mass. 106, note. So, it has been held, that the name of a person, as next friend, may be introduced, by way of amendment, in a writ sued out in the name of a minor. Blood v. Harrington, 8 Pick. 552.
We think this power of the court, to appoint or allow a next friend to prosecute, is recognized by Rev. Sts. c. 79, which after providing for the appointment of testamentary and probate guardians, and guardians ad litem, adds: “ § 8. Nothing contained in this chapter shall impair or affect the power of any court of common law, probate court, or court of a justice of the peace,” “ to appoint or allow any person, as next friend for a minor, to commence, prosecute or defend any suit in his behalf.” It presupposes an allowance and appointment of the next friend; but, like a power of attorney to prosecute, it is not inquired into unless specially called in question. And so we suppose is the -form of setting it forth in the writ, according to the form stated in the case of Trash v. Stone, 7 Mass. 241, where both the attorneys were very good pleaders. The plaintiff was an infant, and sued this action “ by A. B., the next friend of the said William, who is admitted by the court here to prosecute for the said William, in a plea of trespass, &c.” But it is one of those formal averments which is not traversable.
*509 In practice, we know, it is not now the course for the minor or next friend to procure an. appointment or allowance previously to the actual commencement of a suit, because usually it is not necessary; yet the case presupposes that the authority is with the court to allow, they may of course disallow the nomination, and we think, as a necessary consequence, they may revoke the authority. Com. Dig. Pleader, 2 C. 1. .Where the proceedings appear to be fair and regular, the court would be slow to interfere and revoke the authority, .during the progress of a suit. But when the authority has been assumed by one to act as next friend, contrary to the apparent interest of the minor, or against the express will and consent of a minor old enough to be capable of judging, and the attention of the court is called to it, especially where an application is made by or in behalf of the minor, and proper cause shown, we think it is competent for the court to revoke the authority of the next Mend, and stay proceedings, or appoint another. Such next Mend is the appointee and officer of the court, as an instrument for the advancement of justice, and not with a view to any rights or interests of his own. It seems to follow, as a legal consequence, that his authority is revocable.
2. The next question is, whether sufficient cause is shown in the present case.
It is said that the prosecution of this suit cannot operate injuriously to the minor, because it is to recover land, which, if recovered, must be to the use of the minor, and the next Mend cannot aliene it. But this is far from being conclusive. He may so conduct the suit as to fail, and she may have a judgment against her; and, being a suit rightly prosecuted in her behalf, she would be concluded by it. The prochein ami is a volunteer, and gives no bonds. The suit was commenced and prosecuted without her knowledge or consent, and against her will, and, as it appears, contrary to her own convictions of her own interest. She is approaching the age of majority, and it does not appear that any right will be lost by a postponement of legal proceedings to that time. The law recognizes the capacity of a minor of such age to act, for many purposes. She may nominate and, with the concur* *510 rence of the judge of probate, appoint a guardian. It would be competent for such a minor to apply originally with a next friend to have him allowed. Applying by petition, signed by her in person, avoids the technical objection, that she cannot constitute an attorney.
E. Wilkinson, for the motion.
G. D. Guild, contra.
It is an appeal to the judicial discretion of the court upon all the circumstances; and, on the facts disclosed, the court are of opinion that there is sufficient ground shown to sustain the application.

The authority of Samuel Guild, as next friend, withdrawn, and all proceedings stayed, by consent of defendant, without costs to either party.